UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

| | |
|---|---|
| RODGER WILLIAMS, ) | |
| a.k.a. WILLOW WILLIAMS, ) | |
| ) | Civil No. 5:20-239-HRW |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM OPINION** |
| BRAD ADAMS, ET AL., ) | **AND ORDER** |
| ) | |
| Defendants ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Rodger Williams, also known as Willow Williams, is a state prisoner who was recently incarcerated at the Roederer Correctional Complex (RCC) in LaGrange, Kentucky and is now incarcerated at the Northpoint Training Center (NTC) in Burgin, Kentucky. Proceeding without a lawyer, Williams filed a civil rights complaint with the United States District Court for the Western District of Kentucky pursuant to 42 U.S.C. § 1983. [D. E. No. 1]. In that complaint, Williams named eight Defendants and asserted allegations related to her incarceration at both the RCC, which is located in the Western District, and the NTC, which is located in this district. [*See id.*]. Ultimately, after the Western District granted Williams pauper status, it entered an order severing her claims related to her incarceration at the NTC and transferring those claims to this Court. [D. E. No. 8].

1

In light of the Western District's recent order, Williams's NTC-related claims are pending in this district. The Court has now conducted an initial screening of those claims pursuant to 28 U.S.C. § 1915A and 1915(e)(2). For the reasons set forth below, the Court will dismiss these various claims, though it will do so without prejudice to Williams's right to file a new complaint regarding some of her claims.

*     *     *     *     *

As an initial matter, Williams's complaint is very hard to follow and thus does not comply with the Federal Rules of Civil Procedure. Indeed, Williams's 21-page, handwritten complaint does not contain "a short and plain statement of the claim showing that she is entitled to relief" and fails to include allegations that "are simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Instead, Williams's submission includes numerous hard-to-follow pages that contain vague statements, overlapping factual allegations, and legal claims that are difficult to track. Still, since Williams is a *pro se* litigant, she is afforded latitude, and, thus, the Court has attempted to identify, group, and screen those claims that it can follow.

The Court first recognizes that Williams is asserting claims for money damages against the following NTC employees in their official capacities: Warden Brad Adams, Dr. Clifford, Jann Eddington, and Allyson Ranwater. After all, Williams specifically indicates that she is suing each of these defendants in their official capacities. [*See* D. E. No. 1 at 3, 4, 11, 12, 14, 15, 17 (writing the phrase

"Official Capacity" next to each of these defendants' names)]. Williams also makes it clear at the end of her complaint that she is seeking anywhere from $100,000 to $1,000,000 in damages "from each defendant." [D. E. No. 19-20].

That said, these official capacity claims are construed as civil rights claims against the Kentucky Department of Corrections (KDOC). That is because an official capacity claim against a state officer is actually a claim directly against the state agency which employs the officer. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir 2008); *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) ("While personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law, individuals sued in their official capacities stand in the shoes of the entity they represent."). However, "as an agency of the Commonwealth of Kentucky, the KDOC is not subject to suit for money damages under § 1983 in federal court." *Bell v. Kenney*, No. 5:20-cv-164-DLB, 2020 WL 2309246, at *2 (E.D. Ky. May 8, 2020) (citations omitted). Indeed, the Eleventh Amendment deprives federal district courts of subject matter jurisdiction over a claim for money damages against a state and its agencies. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). Thus, the Court will dismiss, with prejudice, Williams's claims for money damages against the NTC employees in their official capacities.

For this same reason, the Court will also dismiss Williams's claims for money damages against two other defendants she sues in their official capacities: Dr. Meeks

3

and the President of Wellpath. *See* D. E. No. 1 at 8, 10 (writing "Official Capacity" next to each of these defendants' names)]. Although Williams's pleading suggests that these defendants are not NTC employees, she nevertheless appears to be alleging that they acted under color of state law during her incarceration at the NTC. By seeking money damages against these defendants in their official capacities, Williams appears to be trying to bring more claims for money damages against the KDOC. Again, that is not permitted by law. *See Bell*, 2020 WL 2309246, at *2. As a result, the Court will dismiss, with prejudice, Williams's claims for money damages against Dr. Meeks and the President of Wellpath in their official capacities.

The Court next recognizes that Williams is also pursuing claims against two of the defendants in their individual capacities: Dr. Clifford and Jann Eddington. [*See* D. E. No. 1 at 12-15]. However, the Court has reviewed Williams's allegations against these defendants in their individual capacities, and, as currently drafted, her complaint does not appear to state a claim upon which relief may be granted. As best as the Court can tell, Williams is complaining that these defendants have not adequately responded to her grievance complaints related to alleged assaults, as well as medical care she received. [*See id.*]. The United States Court of Appeals for the Sixth Circuit, however, has made it clear that "the denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability." *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) (citations omitted). And to the

4

extent that Williams's claims against these defendants in their individual capacities rest upon more than their alleged failure to act upon her grievances, her allegations are simply not clear enough for the Court to follow. Thus, the Court will dismiss Williams's claims against the named defendants in their individual capacities, though the dismissal will be without prejudice to Williams's right to file a new complaint in which she more clearly articulates her factual allegations and legal claims.

Finally, the Court recognizes that Williams is suing a number of NTC employees in their official capacities and is also seeking some form of injunctive relief. [*See* D. E. No. 1 at 19-20]. To be sure, a plaintiff may assert a claim for prospective injunctive relief against a state employee in his official capacity. However, again, the factual allegations that Williams asserts to support her claim for injunctive relief are difficult to follow. For example, while Williams sues NTC Warden Brad Adams in his official capacity, she alleges, among other things, that he "has promulgated policies whether advertently or not, and fostered, and engendered, an environment that gives agents, acting under his aegis, and autonomy, free rein to abuse their absolute power, they possess over prisoners, specifically the plaintiff." [D. E. No. 1 at 11]. Williams then later says that she is "demanding injunctive relief" in the form of certain "changes in policy" with respect to transgender inmates. [*Id.* at 20]. In short, Williams's allegations and related requests for injunctive relief are rather vague, and, thus, the Court will dismiss those claims.

5

That said, the Court certainly understands that Williams objects to the conditions of her confinement at NTC and wants to pursue prospective injunctive relief; thus, the Court's dismissal of these claims will be without prejudice. This means Williams is welcome to file a new complaint regarding these claims, though she must more clearly articulate her factual allegations, legal claims, and the precise relief she is seeking.

\* \* \* \* \*

In light of the foregoing analysis, it is **ORDERED** as follows:

1. Williams's claims for money damages against the various defendants in their official capacities are **DISMISSED** with prejudice.

2. Williams's claims for injunctive relief against the various defendants in their official capacities are **DISMISSED** without prejudice to her right to file a new complaint regarding these claims, as discussed above.

3. Williams's claims against any of the defendants in their individual capacities are also **DISMISSED** without prejudice to her right to file a new complaint regarding these claims, as is also discussed above.

4. This action is **STRICKEN** from the Court's docket.

5. Any and all pending motions are **DENIED** as moot.

6. The Court will enter a corresponding Judgment.

This 10th day of June, 2020.

Signed By:
<u>Henry R Wilhoit Jr.</u> 
**United States District Judge**

6